Filed 11/22/23  P. v. Callanan CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KIMBERLEY RAE CALLANAN,<br><br>        Defendant and Appellant. | A167342<br><br>(Napa County Super. Ct. No. 19CR001389) |

Kimberley Rae Callanan appeals the court's decision to impose an upper-term sentence of three years for driving under the influence (DUI) with three prior DUI convictions in the past decade (Veh. Code[1], §§ 23152, 23550). The court did so based on the nature of her crimes and her admissions that she repeatedly violated the terms of her probation.

Callanan's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 summarizing the facts and asking this court to independently review the record to identify any issues warranting relief.

Callanan exercised her right to file a supplemental brief. In summary, she contends that her lawyer did not adequately argue on her behalf and she asserts that the court should have imposed a lower sentence.

---

[1] Undesignated statutory references are to the Vehicle Code.

Finding no arguable issues, we will affirm.

## Factual and Procedural Background

Between 1996 and 2016, Callanan incurred five misdemeanor DUI convictions (§ 23152, subds. (a)–(b)), with the final four violations occurring in 2009 and 2016. She received a five-year term of probation in March 2016 for one such conviction in Napa County, and four years' probation in November 2016 for another in El Dorado County.

In the instant case, Callanan was arrested in April 2019 for driving with a blood alcohol content (BAC) of 0.297, more than three times the legal limit. She was charged with two felonies (DUI with three or more prior DUI violations in the past decade and driving with a 0.08% or higher BAC with three or more such priors) as well as one misdemeanor count of driving while her privilege to drive was suspended for a DUI conviction. (§§ 23152, subds. (a) & (b); 14601.2, subd. (a).)

 Callanan pled guilty and was placed on a five-year term of probation. The conditions of that probation included immediately notifying the department of any change of address, not using illegal drugs, not drinking alcohol, and completing drug court and a treatment program.

In July 2020, a bench warrant issued when Callanan failed to appear in drug court. She remained in warrant status for nearly two years.

In April 2022, the department filed a petition alleging a violation of probation, which Callanan admitted. The court revoked her probation, reinstated it, and ordered her to remand herself to the jail on June 28, 2022 to serve 60 days.

In July 2022, the department filed another petition to revoke Callanan's probation, alleging that she had violated its terms in four ways: (1) failing to remand herself; (2) testing positive for alcohol; (3) testing

2

positive for methamphetamine; and (4) failing to notify the department of an address change.

In January 2023, Callanan was arrested, arraigned on the July 2022 revocation petition, and ordered to begin serving the previously-imposed 60-day jail term. At a hearing on the July 2022 revocation petition, the prosecutor "submit[ted] on the probation petition," asserting that it was sufficiently reliable and admissible hearsay pursuant to *People v. Gomez* (2010) 181 Cal.App.4th 1028, 1036–1037, and Callanan's attorney did not object. The court took judicial notice of its court file, including the revocation petition, the conditions of probation, and the April 2022 order requiring her to self-surrender for sentence. Callanan's attorney made no argument, and the court found Callanan in violation of probation on all four stated grounds.

At the sentencing hearing, the court indicated that it had read the probation department's presentence report and heard argument from both attorneys and a statement by Callanan. Callanan apologized for her actions, and, among other things, admitted that she had tested positive for alcohol twice in 2022 and failed to remand herself in June 2022 as ordered (which she explained by stating that her fiancé was dying and she chose to stay with him until he passed in November 2022). She claimed that at the time of her 2019 convictions, she was not on probation.

The court revoked probation and imposed the aggravated term of three years. It noted that Callanan had failed to remand when ordered to do so and that she was "not following through with any of the terms of [her] probation." It stated that Callanan had endangered the community "over and over and over" by "repeatedly driving . . . while you're [at] two, three times the legal limit." Finding that her crimes were numerous and increasing in seriousness, that she was on probation when she committed the current crimes, that her

3

past performances on probation were unsatisfactory, and that her BAC in the underlying conviction was three and a half times the legal limit, it held that "[a]ll of those [circumstances] warrant . . . the aggravated term."

## DISCUSSION

Callanan's arguments in her supplemental brief mainly comprise excuses for her probation violations and a contention that she did not fail to inform the department of a change in her address. But her brief admits — albeit with explanations — that she violated probation in three of the four ways found by the court, i.e., testing positive for alcohol, using methamphetamine, and not reporting to jail as ordered. Regardless of whether she also failed to inform the department of an address change, her admitted violations (both in her brief and before the trial court) amply justify an upper-term sentence. (Pen. Code, § 1170, subd. (b)(2); *Chavez Zepeda v. Superior Court of San Francisco* (Nov. 13, 2023, A166159) ___ Cal.App.5th ___ [2023 Cal.App. Lexis 867] [Pen. Code, § 1170(b) refers to aggravating factors from rule 4.421].) In addition, the court properly relied on defendant's numerous DUI convictions over the preceding decade, three of which occurred within Napa County.[2]

Beyond assessing the above-described issues directly raised by Callanan, we have reviewed the entire record pursuant to *People v. Wende, supra*, 25 Cal.3d 436, and find no issues requiring further briefing.

## DISPOSITION

The judgment is affirmed.

---

[2] Given that official court files containing the Napa convictions were undoubtedly available to the trial court, defendant suffered no prejudice from her counsel's failure to object that the court was relying on prior convictions that were not "based on a certified record of conviction," as required under Penal Code section 1170, subdivision (b)(3).

HIRAMOTO, J.[*]

WE CONCUR:

BROWN, P. J.
GOLDMAN, J.

*People v. Callanan* (A167342)

---

[*] Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5